(No. 97-CC-2854-)

MAURICE GOLDMAN, father of CORESE GOLDMAN, a minor, Deceased, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Order filed March 31, 2000.*

MICHAEL S. BAIM, for Claimant.

JIM E. RYAN, Attorney General (TOMAS A. RAMIREZ, Assistant Attorney General, of counsel), for Respondent.

## ORDER

Jann, J.

This cause coming to be heard on Respondent, the State of Illinois' (Respondent) motion to dismiss, due notice given and this Court being fully apprised:

This Court finds that Claimant has filed this complaint seeking damages for the alleged wrongful death of his natural son, Corese Goldman on February 25, 1995. In April 1994, Corese Goldman was placed in the custody of the Department of Children and Family Services. In June 1997, the Cook County Public Guardian's office filed a Petition for Adjudication of Parental Neglect Pursuant to section 2—6.5 of the Probate Act (755 ILCS 5/2—6.5), seeking to bar Claimant, as well as Sharon Robinson, Corese's natural mother, from benefitting in any manner from Corese's estate.

On September 26, 1997, the Probate Court entered an order which stated in relevant part:

"On the basis of the Court's finding of parental neglect pursuant to 2—6.5 of the Probate Act, Maurice Goldman Sr. shall not participate in the distribution of the estate of Corese Goldman."

Pursuant to the Probate Court order, the Claimant is prohibited from benefitting from the death of Corese Goldman and also from participating in the distribution of any monies from Corese's estate.

This Court has dismissed similar causes of action for the reasons stated above. In *Bolden v. State* (1999), 51 Ill.

Ct. Cl. 413, this Court found that one of the bases of dismissal for the complaint was the fact that another court had entered an order negating the Claimant's right to any interest in his deceased daughter's estate.

Accordingly, the instant cause of action is barred by the Probate Court's order preventing Claimant from receiving any benefit from the death of Corese Goldman.

It is hereby ordered that Respondent's motion to dismiss is granted. Claimant's complaint is dismissed with prejudice.